I concur with the main opinion as to the issues of disability and the credit given Consolidated. However, because I believe substantial evidence existed from which the trial court could conclude that Consolidated had neglected or had refused to provide the necessary medical care for Quinlan, I must respectfully dissent from that portion of the main opinion that concludes that the trial court erred in requiring Consolidated to pay the cost of Quinlan's unauthorized medical treatment.
The main opinion correctly sets forth the four instances when the employee is justified in incurring medical expenses without first obtaining the employer's authorization. Here, Quinlan was being treated by Dr. Scherlis, who had recommended a series of injections to treat Quinlan's pain. Dr. Willis testified that he agreed with Dr. Scherlis's diagnosis and treatment plan for Quinlan's pain and recommended that Quinlan return to Dr. Scherlis. However, Quinlan eventually returned to Dr. Willis, who ultimately went beyond Dr. Scherlis's proposed treatment of Quinlan and implanted a morphine pump to treat Quinlan's pain. Quinlan stated that he was receiving the maximum amount of morphine allowed by Dr. Willis to treat his pain. I believe that the trial court could conclude from this evidence that Consolidated had neglected or had refused to provide Quinlan with the necessary medical treatment and that Quinlan was justified in seeking treatment from Dr. Willis; therefore, as to that portion of the opinion I dissent.